Cordelia LINDSAY, Plaintiff–
Appellant,

v.

M.N. HARRIS, D.F. Roses, and M.N.
Harris, D.F. Roses, M.D.'s P.C.,
Defendants,

New York University Medical Center,
Defendant–Appellee.

No. 02–7184.

United States Court of Appeals,
Second Circuit.

Nov. 15, 2002.

Cordelia Lindsay, pro se, Bronx, NY, for
Appellant.

Ada Meloy, Esq., Law Office of S. An-
drew Schaffer, Esq., New York, NY, for
Appellee.

Present LEVAL, SOTOMAYOR, Circuit
Judges, and KOELTL,* District Judge.

* The Honorable John G. Koeltl, of the United
States District Court for the Southern District

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED
AND DECREED that the judgment of the
District Court is AFFIRMED.

Cordelia Lindsay, *pro se,* appeals from
the January 16, 2002 judgment of the
United States District Court for the South-
ern District of New York (Denny Chin,
Judge), granting the motion of New York
University Medical Center, Dr. Harris, Dr.
Roses and Drs. Harris and Roses, M.D.'s
P.C. (collectively "NYU") for summary
judgment pursuant to Fed.R.Civ.P. 56.
We review orders granting summary judg-
ment *de novo* and focus on whether the
district court properly concluded that
there was no genuine issue as to any mate-
rial fact and the moving party was entitled
to judgment as a matter of law. *See All-
state Ins. Co. v. Mazzola,* 175 F.3d 255,
258 (2d Cir.1999).

Lindsay, an African–American, claimed
in her November 2000 complaint that NYU
violated her Constitutional and statutory
rights by discharging her on the basis of
her race. Lindsay brought the suit pursu-
ant to Title VII, 42 U.S.C. § 2000e *et seq.*
and 42 U.S.C. § 1981, and requested mon-
etary damages and a declaratory judg-
ment.

We agree with the district court, for
substantially the reasons set forth in its
memorandum decision and order, that
NYU established that it discharged Lind-
say on the basis of her poor work perfor-
mance, tardiness and insubordination,
which are legitimate non-discriminatory
reasons, and that Lindsay failed to present
any evidence establishing that she was dis-
charged on the basis of her race. *See
Lindsay v. N.Y. Univ. Med. Ctr.,* No. 00

of New York, sitting by designation.

CIV 8476 DC, 2002 WL 48771 (S.D.N.Y.Jan.11, 2002).

The discrepancies Lindsay points out on appeal in the declarations submitted in support of NYU's motion for summary judgment fail to establish that Lindsay was discharged on the basis of her race. In light of NYU's submissions indicating that prior to her discharge Lindsay had been given several warnings regarding her poor work performance, tardiness and insubordination, the discrepancies are not enough to defeat NYU's motion for summary judgment. *See Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 102 (2d Cir.2001).

Accordingly, the judgment of the district court is hereby AFFIRMED.